DATE FILED: November 5, 2016 11:32 AM
FILING ID: 5FC6BD3DFD48A
CASE NUMBER: 2016CV33022

DISTRICT COURT, EL PASO COUNTY, COLORADO

Court Address:   270 S Tejon St,
                 Colorado Springs, CO 80901
Phone:(719) 452-5000

**Plaintiff:**   Klancie A. Roane,

v.

**Defendants:** Frankie's Bar & Grill a/k/a Frankie's Inc., n/k/a Frankie's Inc., Dissolved May 27, 2016; Frankie D. Patton; and Kathleen Patton

Attorney for Plaintiff:
Andrew T. Brake, Esq. (#12021)
ANDREW T. BRAKE, P.C.
777 East Girard Avenue, Suite 200
Englewood, Colorado 80113-2767
Phone Number: (303) 806-9000
Fax Number: (888) 236-7709
E-mail: atbrake@gmail.com

▲ COURT USE ONLY ▲

Case Number:
Division:

# COMPLAINT AND JURY DEMAND

Plaintiff, Klancie A. Roane ("Ms. Roane" or "Plaintiff"), for her Complaint and Jury Demand states:

**JURISDICTION, VENUE AND PARTIES**

1.     Plaintiff was, at all times relevant, a citizen and resident of the State of Colorado, and at all times relevant was within the following protected groups:  a pregnant Female.  Defendant

1

EXHIBIT B

Frankie's Bar & Grill a/k/a Frankie's Inc., n/k/a Frankie's Inc., Dissolved May 27, 2016 (sometimes referred to as "Frankie's", "Defendant Frankie's", or "Employer"), upon information and belief, was conducting business within the State of Colorado.  Frankie D. Patton and/or Kathleen Patton, or both, if assets of Frankie's have been distributed to one of both of them in liquidation, are liable pursuant to C.R.S. § 7-90-913, and/or other applicable Colorado statutes or laws, for the total value of assets which may have been or which may be distributed to one or both of them.

2.      This action arises under Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, including the Pregnancy Discrimination Act of 1978, 42 U.S.C. § 2000e, et seq, and Colorado state law including the Colorado Anti-Discrimination Act ("CADA").

3.      Venue is proper, including pursuant to 28 U.S.C. § 1391, as the acts complained of occurred within the state of Colorado.

4.      Plaintiff timely filed a charge of discrimination and retaliation in or about June 19, 2015 with the U.S. Equal Employment Opportunity Commission ("EEOC").

5.      On June 8, 2016, the EEOC issued its DETERMINATION finding that Frankie's "failed to maintain employment records as required by Sec. 709 (c) of Title VlI, and the Commission's Recordkeeping and Reporting Requirements as set forth in 29 CFR sections 1602.4."  The EEOC DETERMINATION further stated "that that there is reasonable cause to believe Charging Party was demoted, assigned less desirable duties, harassed, intimidated, and retaliated against which led to her constructive discharge."

6. Plaintiff received a Notice of Right to Sue dated August 10, 2016 and commenced this action within ninety (90) days of receipt of the notice.

7. Injunctive relief is sought pursuant to applicable law.

8. Costs and attorney's fees may be awarded pursuant to applicable statutes and regulations.

**GENERAL STATEMENT**

9. Ms. Roane was, at relevant times, an employee of FRANKIE'S located in Colorado Springs, Colorado.

10. Ms. Roane was employed by Frankie's on a full-time basis as a Manager and Bartender at the time that she informed Frankie's that she was pregnant.

11. Not long after informing management that she was pregnant, Ms. Roane started being treated in an adverse manner because of her pregnancy. The Defendant Frankie's began discriminating and retaliating against Ms. Roane after the Defendant Frankie's learned that Ms. Roane was pregnant. The discrimination and retaliation including harassment of Ms. Roane, demoting her, and reducing her work hours. Also, Ms. Roane was given less favorable work shifts, which negatively affected the portion of her wages generated by tips.

12. Ms. Roane was inappropriately constructively terminated by Frankie's from her position on or about July 5, 2015.

13. Upon information and belief, the discrimination and retaliation was co-motivated by Plaintiff's pregnancy.

**FIRST CLAIM FOR RELIEF**
**(Gender/Pregnancy Discrimination)**

14. Plaintiff incorporates, herein by this reference, all other paragraphs contained in this Complaint and Jury Demand verbatim.

15. At all times relevant, Plaintiff was a member of a protected class, as a pregnant female.

16. At relevant times, Plaintiff performed her job duties as both a Manager and Bartender employed at Frankie's in a competent, efficient and satisfactory manner.

17. Due to her sex (female/pregnancy) and her becoming pregnant, and in retaliation for engaging in a protected activity, Ms. Roane was demoted, assigned less desirable duties; she was harassed, intimidated and constructively discharged in violation of Title VII. The determining and motivating and/or co-motivating factor in the Defendant Frankie's's adverse discriminatory treatment and retaliation against Plaintiff was her pregnancy in violation of Title VII and the CADA.

18. Ms. Roane has **Direct Evidence** of discrimination and retaliation, and intends to utilize the Direct Evidence method of proof, in addition to other methods. The direct evidence includes:

    a. As a Manager and a Bartender, Ms. Roane was paid an hourly wage plus tips and assigned to work on the busier days of the week, prior to becoming pregnant. In May of 2015, after she informed her General Manager, Pam Mayl, that she was pregnant, Mr. Frankie Patton, the owner of Frankie's, met with Ms. Roane and demoted her from management because of her being pregnant, and told her that she would no longer be capable of managing the bar because of her pregnancy.

4

    b.    The next day General Manager Pam Mayl told Ms. Roane that Ms. Roane was required to continue to perform all of the duties of a Manager without the title or pay. After Ms. Roane informed Pam Mayl that she was very upset about being demoted to a server and that she thought it was unfair to continue performing management functions without the title or pay, Pam Mayl told Ms. Roane that she would make her life a living hell, which constitutes adverse retaliatory action.

    c.    On or about June 1, 2015, Ms. Roane went outside during her ten-minute break, as did other co-workers. Ms. Roane was written up by Frankie Patton for taking the ten-minute break that she was entitled to, while other non-pregnant coworkers were not written up for doing the same thing.

    d.    After June 1, 2015, the owner, Frankie Patton, removed Ms. Roane from her regular shifts, and only permitted her to serve tables on Sunday, Monday and Tuesday, and prohibited her from bartending.

    e.    On June 16, 2015, Mr. Patton called Ms. Roane into his office, and told her that she was starting a new family and should ultimately resign. Mr. Patton stated that because she was pregnant, she should not be working in a bar late at night. He stated that because Ms. Roane was pregnant, she cannot perform her job as he saw fit.

    f.    Ms. Roane was subjected to false accusations at the workplace.

19. Non-Pregnant and Male employees of Defendant Frankie's holding management positions were not subjected to the same treatment as Ms. Roane.

20. Due to the pregnancy based discrimination and retaliation perpetrated against Ms. Roane,

she was wrongfully demoted, not permitted to earn the income which she had been earning, and was otherwise constructively discharged from her employment with Frankie's.

21. The acts of the Defendant Frankie's were in willful, wanton and/or reckless disregard of the rights or sensibilities of Plaintiff, causing harm, damage and great suffering by Plaintiff. In addition, Plaintiff has suffered lost wages, lost benefits, and other perquisites of employment.

22. Plaintiff seeks to recover compensatory and punitive damages as lawfully recoverable. Plaintiff also seeks to recover past and future pecuniary losses, back pay and front pay and other awardable legal and equitable relief, injunctive relief, including as set forth in the prayer for relief below, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses in addition to liquidated/punitive damages, including as set forth in this Complaint. Plaintiff is also seeking attorney's fees, costs, expert witnesses, and all other compensation as is lawfully recoverable.

## SECOND CLAIM FOR RELIEF

## (RETALIATION)

23. Plaintiff incorporates, herein by this reference, all other paragraphs contained in this Complaint and Jury Demand verbatim.

24. Ms. Roane was subjected to retaliation because she objected to the pregnancy based discriminatory actions perpetrated against her by Frankie's, including as set forth in her First Claim for Relief above.

25. Frankie's retaliation against Plaintiff was severe and pervasive.

26.     The acts and conduct of Defendant Frankie's were in willful, wanton and/or reckless disregard of the rights or sensibilities of Ms. Roane, causing harm, damage and great suffering by her.  In addition, Ms. Roane has suffered lost wages, lost benefits, and other perquisites of employment and damage to her career and future, all as set forth in other paragraphs and provisions of this Complaint.

27.     Plaintiff seeks to recover compensatory damages, economic and non-economic, and exemplary/liquidated damages, all as are lawfully recoverable.  Plaintiff also seeks to recover past and future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses in addition to other recoverable damages, including exemplary damages and as outlined herein above.  Plaintiff is also seeking attorney's fees, costs, expert witness's fees, and all other compensation as is lawfully recoverable.

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment against all of the Defendants, jointly and severally, pursuant to applicable statutes, including C.R.S. § 7-90-913, as follows:

- A. Award Plaintiff all lost wages, benefits and other perquisites of employment, past, present and future, and appropriate equitable relief, including but not limited to lost compensation, front pay or reinstatement, and other appropriate equitable relief, as a result of the Defendant Frankie's conduct as outlined herein above;
- B. Award Plaintiff liquidated and/or punitive damages to the greatest extent awardable;
- C. Award Plaintiff costs, interest and reasonable attorney's fees;

    D.    Award Plaintiff past and future pecuniary loss for emotional pain and suffering, worry, anxiety, inconvenience, mental anguish, loss of enjoyment of life, humiliation, degradation, and other non-pecuniary losses in addition to damage to her career and future, and to her reputation, punitive damages, damages for physical injuries, along with other damages;

    E.    Grant Plaintiff such other and further relief as this Court deems just and proper.

**PLAINTIFF DEMANDS A TRIAL TO A JURY ON ALL ISSUES SO TRIABLE.**

DATED this 5th day of November, 2016.

**ANDREW T. BRAKE, P.C.**

Andrew T. Brake
Digitally signed by Andrew T. Brake
Date: 2016.11.05 10:56:58 -05'00'

By: s/ Andrew T. Brake
    Andrew T. Brake, Reg. No. 12021
    Andrew T. Brake, P.C.
    Attorneys for Plaintiff
    777 East Girard Avenue, Suite 200
    Englewood, Colorado 80113-2767
    Telephone: (303)806-9000

**PLAINTIFF'S ADDRESS:**
C/O Andrew T. Brake, P.C.
777 E. Girard Ave., #200
Englewood, CO  80113