**ORIGINAL**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO
## Judge Christine M. Arguello

Civil Action No. 16-cv-02936-CMA-NYW

KLANCIE A. ROANE,

    Plaintiff,

v.

FRANKIE'S BAR & GRILL,

    Defendant.

---

### FINAL JURY INSTRUCTIONS

---

# TABLE OF CONTENTS

INSTRUCTION NO. 1 INTRODUCTION TO FINAL INSTRUCTIONS ...............................................................................1

INSTRUCTION NO. 2 PURPOSE OF JURY AND DUTY TO FOLLOW INSTRUCTIONS ....................................................2

INSTRUCTION NO. 3 STIPULATED FACTS.................................................................................................................3

INSTRUCTION NO. 4 BURDEN OF PROOF ...............................................................................................................4

INSTRUCTION NO. 5 EVIDENCE – GENERAL.............................................................................................................5

INSTRUCTION NO. 6 EVIDENCE – DIRECT AND CIRCUMSTANTIAL ..........................................................................6

INSTRUCTION NO. 7 CREDIBILITY OF WITNESSES..................................................................................................7

INSTRUCTION NO. 8 SINGLE WITNESS ..................................................................................................................8

INSTRUCTION NO. 9 CORPORATE DEFENDANT ......................................................................................................9

INSTRUCTION NO. 10 CLAIM ONE: PREGNANCY DISCRIMINATION – ELEMENTS.................................................10

INSTRUCTION NO. 11 PRETEXT ............................................................................................................................12

INSTRUCTION NO. 12 CLAIM TWO: HOSTILE WORK ENVIRONMENT – ELEMENTS ...............................................13

INSTRUCTION NO. 13 BUSINESS JUDGMENT ........................................................................................................14

INSTRUCTION NO. 14 STRAY REMARKS ...............................................................................................................15

INSTRUCTION NO. 15 DAMAGES ..........................................................................................................................16

INSTRUCTION NO. 16 PUNITIVE DAMAGES .........................................................................................................17

INSTRUCTION NO. 17 NOMINAL DAMAGES..........................................................................................................18

INSTRUCTION NO. 18 AFFIRMATIVE DEFENSE – FAILURE TO MITIGATE...............................................................19

INSTRUCTION NO. 19 JURY DELIBERATIONS – GENERAL INSTRUCTIONS ............................................................20

INSTRUCTION NO. 20 FOREPERSON AND SPECIAL VERDICT FORM ......................................................................21

INSTRUCTION NO. 21 COMMUNICATIONS WITH THE COURT ..............................................................................23

## INSTRUCTION NO. 1
## INTRODUCTION TO FINAL INSTRUCTIONS

Members of the Jury:

In any jury trial there are, in effect, two judges. I am one of the judges, you are the other. I am the judge of the law. You, as jurors, are the judges of the facts. I presided over the trial and decided what evidence was proper for your consideration. It is also my duty at the end of the trial to explain to you the rules of law that you must follow and apply in arriving at your verdict.

In explaining the rules of law that you must follow, first, I will give you some general instructions which apply in every civil case—for example, instructions about burden of proof and insights that may help you to judge the believability of witnesses. Then I will give you some specific rules of law that apply to this particular case and, finally, I will explain the procedures you should follow in your deliberations, and the possible verdicts you may return. You will be allowed to take these instructions with you to the jury deliberation room, so you need not take notes as I read them to you.

1

## INSTRUCTION NO. 2
## PURPOSE OF JURY AND DUTY TO FOLLOW INSTRUCTIONS

You are here to decide whether Plaintiff has proved her claim against Defendant by a preponderance of the evidence. These instructions contain the law that you must use in deciding this case.

You, as jurors, are the judges of the facts. But in determining what actually happened—that is, in reaching your decision as to the facts—it is your sworn duty to follow all of the rules of law as I explain them to you.

You have no right to disregard or give special attention to any one instruction, or to question the wisdom or correctness of any rule that I may state to you. You must not substitute or follow your own notion or opinion as to what the law is or ought to be. It is your duty to apply the law as I explain it to you, regardless of the consequences.

However, you should not read into these instructions, or anything else that I may have said or done, any suggestion as to what your verdict should be. That is entirely up to you.

It is also your duty to base your verdict solely upon the evidence, without prejudice or sympathy. That was the promise you made and the oath you took.

The Court does not, by these instructions, express any opinions as to what has or has not been proved in the case, or as to what are or are not the facts of the case, except for the stipulations agreed to by the parties.

## INSTRUCTION NO. 3
## STIPULATED FACTS

The parties have stipulated to one fact and agree that this fact can be taken as true without further proof. The stipulated fact is as follows:

In May 2015, Ms. Roane informed both her supervisor, Pamela Mayl and Frankie D. Patton, the owner of her employer, Frankie's Bar and Grill, that she was pregnant.

Because the parties have stipulated to this fact and do not dispute it, you are to take this fact as true for purposes of this case.

3

## INSTRUCTION NO. 4
## BURDEN OF PROOF

This is a civil case. Therefore, Plaintiff has the burden of proving her claims by what is called a preponderance of the evidence. This means that no matter who produces the evidence, when you consider Plaintiff's claims in light of all the facts, for Plaintiff to prevail, you must believe that her claims are more likely true than not true. To put it differently, if you were to put all the evidence in favor of Plaintiff and all the evidence in favor of Defendant on opposite sides of the scale, Plaintiff would have to make the scale tip to her side. If she fails to meet this burden, your verdict must be for Defendant.

As a defense to Plaintiff's claims, Defendant has asserted an affirmative defense, which will be described to you more fully later. An affirmative defense is more than a denial of the claim. In terms of applying the burden of proof, you should treat Defendant's affirmative defense in the same way you treat Plaintiff's claims. That is, Defendant, as the asserting party, has the burden of proving that an affirmative defense is more likely true than not true.

In evaluating whether Plaintiff and Defendant have met their respective burdens on their claims and defense, you should also know that the law does not require parties to call as witnesses all persons who may have been present at any time or place involved in the case, or who may appear to have some knowledge of the matter in issue at this trial. Nor does the law require parties to produce as exhibits all papers or other things mentioned in the evidence in the case.

4

## INSTRUCTION NO. 5
## EVIDENCE – GENERAL

You must make your decision based only on the evidence that the parties have presented to you during the trial. That evidence consists of

1.   the sworn testimony of witnesses on both direct and cross-examination, regardless of who called the witness;

2.   documents and other things received into evidence as exhibits; and

3.   any facts on which the lawyers agree or which I instruct you to accept as true.

Nothing else is evidence. The following things are not evidence and you must not consider them as evidence in deciding the facts of this case:

1.   Statements and arguments by lawyers are not evidence. The lawyers are not witnesses. What they said in their opening statements, closing arguments, and at other times was intended to help you interpret the evidence, but it was not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of the facts controls.

2.   Questions and objections by the lawyers are not evidence. Lawyers have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by my ruling on it.

3.   Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered.

4.   Anything you may see or hear when court was not in session is not evidence, even if what you saw or heard was done or said by one of the parties or by one of the witnesses. In addition, as I have previously told you, you are not allowed to look at, read, consult, or use any material of any kind, including any dictionaries or medical, scientific, technical, religious, or law books, the internet, or any material of any type or description in connection with your jury service.

Although you must consider only the evidence in this case, you are permitted to draw reasonable inferences from the testimony and exhibits; inferences you feel are justified in the light of common experience. Inferences are conclusions that reason and common sense lead you to draw from the facts established by the evidence in the case.

## INSTRUCTION NO. 6
## EVIDENCE – DIRECT AND CIRCUMSTANTIAL

There are, generally speaking, two types of evidence from which a jury may properly determine the facts of a case. One is direct evidence and the other is circumstantial evidence. Direct evidence is testimony by a witness about what that witness personally saw, heard, or did. Circumstantial evidence is indirect evidence; that is, it is proof of a chain of facts which point to the existence or non-existence of certain other facts.

As a general rule, the law makes no distinction between direct and circumstantial evidence. The law simply requires that, in determining the facts, you consider all the evidence in the case, both direct and circumstantial. It is for you to decide how much weight to give to any evidence, direct or circumstantial.

## INSTRUCTION NO. 7
## CREDIBILITY OF WITNESSES

You are the sole judges of the credibility or "believability" of each witness and the weight to be given to the witness's testimony. An important part of your job will be making judgments about which witnesses to believe and which witnesses not to believe. You may believe everything a witness says, only part of it, or none of it.

You should think about the testimony of each witness you have heard and decide whether you believe all or any part of what each witness had to say, and how important that testimony was. In considering the testimony of any witness, you may consider:

1. The witness's opportunity and ability to see, hear, or know the things to which the witness testified;

2. The quality of the witness's memory;

3. The witness's manner while taking the oath and testifying;

4. Whether the witness had an interest in the outcome of the case or any motive, bias, or prejudice;

5. Whether the witness's testimony was contradicted by anything the witness said or did another time, by the testimony of other witnesses, or by other evidence;

6. How reasonable the witness's testimony was in light of all the evidence; and

7. Any other facts that bear on believability.

If you believe a witness has willfully lied regarding any fact, you have the right to disregard all or any part of that witness's testimony.

7

## INSTRUCTION NO. 8
### SINGLE WITNESS

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify to that fact. The testimony of a single witness that produces in your mind's belief the likelihood of truth is sufficient for the proof of any fact, and would justify a verdict in accordance with such testimony, even though a number of witnesses may have testified to the contrary, if, after consideration of all the evidence in the case, you hold greater belief in the accuracy and reliability of the one witness.

**INSTRUCTION NO. 9**
**CORPORATE DEFENDANT**

Defendant is a corporation and can act only through its agents or employees.  In general, any agents or employees of a corporation may bind the corporation by their acts and declarations made while acting within the scope of their authority delegated to them by the corporation or within the scope of their duties as employees of the corporation.  Any act or omission of an agent or employee while acting within the scope of his or her authority is the act or omission of Defendant.

## INSTRUCTION NO. 10
## CLAIM ONE: PREGNANCY DISCRIMINATION – ELEMENTS

Plaintiff brings her discrimination claim under Title VII of the Civil Rights Act of 1964. Title VII makes it unlawful for an employer to discriminate against any employee with respect to that employee's compensation, terms, conditions, or privileges of employment because of such employee's pregnancy.

In order for Plaintiff to establish her claim for discrimination based on pregnancy under Title VII, she must prove the following by a preponderance of the evidence:

1. Plaintiff was pregnant;

2. Defendant took an adverse employment action against Plaintiff; and

3. Plaintiff's pregnancy was a motivating factor for Defendant's action.

Generally, an "adverse employment action" is one that results in a significant change in an individual's employment status. Not everything that makes an employee unhappy is an adverse employment action. To qualify as an adverse employment action, this change must be something more than a minor or trivial inconvenience. The following actions, if proven by a Plaintiff with respect to her claim, qualify as adverse employment actions:

- Termination of employment
- Failure to promote (upon application)
- A demotion or reassignment
- Reduction in pay or benefits
- Disciplinary action or reprimand
- Constructive discharge, which means that Defendant intentionally made Plaintiff's working conditions so intolerable that a reasonable person would feel forced to resign and that Plaintiff did so resign;
- Involuntary reductions in hours and other actions that impact an employee's pay

Plaintiff is not required to prove that her pregnancy was the sole or exclusive motivating factor for Defendant's action or that all of Defendant's stated reasons for the action were false. Plaintiff must prove only that her pregnancy was a *motivating* factor, that is, Plaintiff's pregnancy was a factor that made a difference in Defendant's decision. If Defendant was motivated by both discriminatory *and* non-discriminatory reasons, Plaintiff will prevail unless Defendant can show, by a preponderance of the evidence, that its non-discriminatory reason, standing alone, would have induced it to make the same decision.

Plaintiff must show that Defendant intentionally discriminated against her. However, she is not required to produce direct evidence of intentional discrimination. Intentional discrimination may be inferred from the existence of other facts.

10

If you decide that Plaintiff has proved all three elements above by a preponderance of the evidence, then you must find in Plaintiff's favor. If, on the other hand, you decide that Plaintiff has failed to prove any of the three elements above by a preponderance of the evidence, then you must find in Defendant's favor.

## INSTRUCTION NO. 11
## PRETEXT

Plaintiff claims that Defendant's stated reasons for taking adverse employment actions against her are not the true reasons, but instead are a pretext to cover up a discriminatory purpose.

If you do not believe one or more of the reasons offered by Defendant for taking adverse employment actions against Plaintiff, then you may, but are not required to, infer that Plaintiff's pregnancy was a factor that made a difference in Defendant's adverse employment actions. Plaintiff need not disprove every reason stated by Defendant in order to prove pretext.

Plaintiff may show that Defendant's stated reasons for its adverse actions against her are pretextual in any of several ways. Some examples of ways in which you may determine that Defendant's stated reasons are a pretext for discrimination are:

1. Evidence that any one of Defendant's stated reasons for the adverse employment actions are false, contradictory, or implausible;

2. Evidence that Defendant acted contrary to a written or unwritten company policy or an established company practice when it administered the adverse employment actions against Plaintiff;

3. Evidence that Defendant did not uniformly enforce its own rules;

4. Evidence that Defendant took disciplinary action against Plaintiff but did not take disciplinary action against non-pregnant employees who violated the rules;

5. Evidence that Defendant otherwise exhibited disturbing procedural irregularities in dealing with Plaintiff; or

6. Evidence that Defendant relied upon subjective criteria or standards in evaluating Plaintiff.

If you find pretext, you may, but are not required, to infer that Plaintiff's pregnancy was a factor that made a difference in Defendant's adverse employment actions against her.

## INSTRUCTION NO. 12
## CLAIM TWO: HOSTILE WORK ENVIRONMENT – ELEMENTS

Plaintiff has alleged that she was subjected to a hostile work environment because of her pregnancy iℕ in violation of the Title VII of the Civil Rights Act of 1964.

In order to prove her claim that she was subjected to a hostile work environment, Plaintiff must prove each of the following:

1. Defendant's conduct was unwelcome, that is, it was conduct Plaintiff regarded as unwanted or unpleasant;

2. Defendant's conduct was offensive;

3. Defendant's conduct was directed at Plaintiff because of her pregnancy;

4. Defendant's conduct was sufficiently severe or pervasive to alter the terms and conditions of Plaintiff's employment by creating a hostile working environment; and

5. Defendant knew or should have known about the conduct to which Plaintiff claims she was subjected and failed to implement reasonably prompt and appropriate corrective action.

In determining whether a hostile work environment existed, you must consider the evidence from the perspective of a reasonable person. This is an objective standard and requires you to look at the evidence from the perspective of a reasonable person's reaction to a similar environment under similar circumstances.

In determining whether a work environment is hostile, you may consider some or all of the following factors:

- The nature and severity of the conduct;
- Whether the conduct complained of was humiliating;
- Whether the conduct complained of was repeated or a single incident;
- Whether the conduct complained of was by a co-worker or a supervisor;
- The effect of the conduct on the Ms. Roane's mental or emotional state;
- Whether others joined in the conduct;
- Whether the conduct was directed at more than one person;
- The context in which the conduct occurred;
- Whether the conduct was physically threatening or humiliating or a mere offensive utterance.

13

## INSTRUCTION NO. 13
## BUSINESS JUDGMENT

The law requires only that an employer not discriminate against an employee based on pregnancy. The law does not require an employer to use good judgment, to make correct decisions, or even to treat its employees fairly.

Therefore, it is not your function to second-guess Defendant's business decisions or act as a personnel manager, unless you find that the decisions were motivated, in whole or in part, by illegal discrimination. In evaluating Defendant's asserted business judgment, you must examine whether business judgment was truly employed or whether it was merely used as a pretext or to cover up for illegal discrimination.

## INSTRUCTION NO. 14
## STRAY REMARKS

You have heard evidence during the course of the trial regarding certain
allegedly discriminatory remarks. Discriminatory comments referring directly to Plaintiff
may support an inference of discrimination even if the comments were not made in the
context of an adverse employment action. However, isolated or ambiguous comments
may be too abstract or remote to support a finding of discrimination.

To prove discrimination by reference to comments in the workplace, a Plaintiff
must demonstrate that a connection exists between the comments made and
Defendant's decision to treat her differently.

15

## INSTRUCTION NO. 15
## DAMAGES

I will now give you instructions about how to calculate damages. You should not consider the fact that I am giving you this instruction as suggesting any view of mine as to which party is entitled to your verdict in this case, or that I think that you should award any damages. Those decisions are entirely for you to make.

If you find in favor of Plaintiff on either of her claims, then you must award Plaintiff such damages as you find by the preponderance of the evidence will fairly and justly compensate her for damages you find she sustained as a direct result of Defendant's conduct.

These damages—referred to as compensatory damages—include emotional distress damages and back pay to Plaintiff.

Emotional distress damages: When considering the amount of monetary damages to which Plaintiff may be entitled, you should consider the nature, character, and seriousness of any pain and suffering, humiliation, anxiety, depression, mental anguish, or loss of enjoyment of life that Plaintiff experienced. No evidence of the monetary value of such intangible things as pain and suffering has been, or need be, introduced into evidence. There is no exact standard for fixing the compensation to be awarded for these elements of damage. Any award you make should be fair in light of the evidence presented at the trial.

Back pay: You may award as actual damages an amount that reasonably compensates Plaintiff for any past lost wages and benefits, taking into consideration any increases in salary and benefits, that Plaintiff would have received, from the date of her loss until today's date, had she not been discriminated against. Your calculation should include the amount of pay and bonuses that Plaintiff would have earned had she not been discriminated against from the date that she suffered any loss until today's date. Then, subtract from this sum the amount of pay and benefits that Plaintiff actually earned from other employment during this time. The back pay award may be reduced if you find Plaintiff failed to mitigate damages as set forth in Instruction No. 18 18 ᵢ ₓₘᵗ

In determining the amount of any damages that you decide to award, you should be guided by common sense. You must use sound judgment in fixing an award of damages, drawing reasonable inferences from the facts in evidence. You may not award damages based on sympathy, speculation, or guess work. On the other hand, the law does not require that Plaintiff prove the amount of her losses with mathematical precision, but only with as much definiteness and accuracy as circumstances permit.

Remember, you must not engage in any speculation, guess, or conjecture, and you must not award any damages by way of punishment or through sympathy.

## INSTRUCTION NO. 16
## PUNITIVE DAMAGES

If you find that Defendant intentionally discriminated against Plaintiff, the law allows, but does not require, an award of punitive damages. The purpose of an award of punitive damages is to punish a wrongdoer for misconduct, and also to provide a warning to others.

You may award punitive damages if you find that Defendant engaged in discrimination with malice or with reckless indifference to the right of Plaintiff to be free from such intentional discrimination. An action is with malice if a person knows that it violates the federal law prohibiting discrimination and does it anyway. An action is with reckless indifference if taken with knowledge that it may violate the law.

In deciding the amount of punitive damages, you may consider the following:

1. The offensiveness of the conduct;
2. The amount needed, considering Defendant's financial condition, to prevent the conduct from being repeated; and
3. Whether the amount of punitive damages bears a reasonable relationship to the actual damages awarded.

**INSTRUCTION NO. 17**
**NOMINAL DAMAGES**

If you find in favor of Plaintiff on any of her claims, but you find that Plaintiff's damages have no monetary value, then you must return a verdict for Plaintiff in the nominal amount of one dollar.

## INSTRUCTION NO. 18
## AFFIRMATIVE DEFENSE – FAILURE TO MITIGATE

Plaintiff is required to make reasonable efforts to minimize damages. If you find that Plaintiff has proven that she suffered actual damages, then you must consider whether Defendant has proven that Plaintiff failed to mitigate or minimize those damages.

In this case, Defendant specifically claims that Plaintiff failed to minimize damages because she failed to work as many shifts as she could while employed by Defendant and because she failed to use reasonable efforts to find comparable employment after her departure.

It is Defendant's burden to prove that Plaintiff failed to make reasonable efforts to minimize her damages. This affirmative defense is proved if you find the following two elements have been proven by a preponderance of the evidence:

1. There were or are substantially comparable positions which Plaintiff could have discovered and for which Plaintiff was qualified; and

2. Plaintiff failed to use reasonable diligence to find suitable employment.

"Reasonable diligence" does not require that Plaintiff be successful in obtaining employment, but only that she make a good faith effort at seeking employment.

If Defendant has proven the above two elements, then you must deduct from any award of back pay the amount of pay and benefits Plaintiff could have earned with reasonable effort.

If Defendant has not proven the above two elements, then you make no deductions.

19

## INSTRUCTION NO. 19
## JURY DELIBERATIONS – GENERAL INSTRUCTIONS

Each of you has a copy of the instructions to consult as you find it necessary.

It is your duty to find the facts from all the evidence in the case. To those facts,
you must apply and follow the laws contained in these instructions whether you agree
with them or not. Your decision is called a verdict and is reached by applying those
laws to the facts as you find them. You must not be influenced by any personal likes or
dislikes, opinions, prejudices, or sympathies. You have taken an oath promising to do
just so.

You must follow all of these instructions and not single out some and ignore
others; they are all equally important. You must not read into these instructions, or into
anything that I may say or do, any suggestions as to what verdict you should return.
Your verdict is a matter entirely for you to decide.

## INSTRUCTION NO. 20
## FOREPERSON AND SPECIAL VERDICT FORM

After the closing arguments, the Court Security Officer will escort you to the jury room and will give you the original jury instructions and the original verdict form. Any exhibits admitted into evidence will also be placed in the jury room for your review. You will be allowed to take your notes and your copy of the jury instructions that I have just read with you. The original of the jury instructions and the exhibits are a part of the court record. Do not place any marks or notes on them. Your copy of the instructions may be marked or used in any way you see fit.

When you go to the jury room, you should first select a foreperson who will help to guide your deliberations and will speak for you here in the courtroom. The second thing you should do is review the instructions. Not only will your deliberations be more productive if you understand the legal principles upon which your verdict must be based, but for your verdict to be valid, you must follow the instructions throughout your deliberations. Remember, you are the judges of the facts, but you are bound by your oath to follow the law stated in the instructions.

A Special Verdict Form has been prepared to help guide you through your deliberations. This form contains questions and directions for answering them. In answering these questions, you must apply the law in the instructions that the Court gave you to the facts that were proved by the evidence. You will note that the Special Verdict Form includes a number of interrogatories or questions that call for a "yes" or "no" answer. The answer to each question must be the unanimous answer of the jury. Your foreperson will write the unanimous answer of the jury in the space provided for each response. As you will note from the wording of the questions, it may not be necessary to consider or answer every question. This is the only copy of the Special Verdict Form that you will receive, so please do not write on it or indicate your answer to any questions on it until you have all agreed on the answer.

This is an important case. If you should fail to agree upon a verdict, the case is left open and must be tried again. Obviously, another trial would require the parties to make another large investment of time and effort, and there is no reason to believe that the case can be tried again by either side better or more exhaustively than it has been tried before you.

It is your duty, as jurors, to consult with one another and deliberate with a view toward reaching an agreement, if you can do so without violence to individual judgment. Each of you must decide the case for yourself, but do so only after an impartial consideration of the evidence with your fellow jurors. In the course of your deliberations, do not hesitate to reexamine your own views and change your opinion if you are convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of evidence solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

21

After you reach a verdict, your foreperson should ensure that the original Special Verdict Form is complete and then he/she must sign and date it.  The foreperson should then advise the Court Security Officer that you have reached a verdict, but do not tell the Court Security Officer what your verdict is.  The Court Security Officer will then inform me that you have reached a verdict.  The foreperson should remain in possession of the Special Verdict Form until you return to the courtroom and I request that it be given to me.

**INSTRUCTION NO. 21**
**COMMUNICATIONS WITH THE COURT**

If it becomes necessary during your deliberations to communicate with me, you may send a folded note through the Court Security Officer, signed by one of you. Do not disclose the content of your note to the Court Security Officer. No member of the jury should hereafter attempt to communicate with me except by signed writing and I will communicate with any member of the jury on anything concerning the case only in writing, or orally here in open court. You are not to tell anyone—including me—how the jury stands, numerically or otherwise, until you have reached a unanimous verdict and I have discharged you.

If you send a note to me containing a question or request for further direction, please bear in mind that responses take considerable time and effort. Before giving an answer or direction, I must first notify the attorneys and bring them back to the court. I must confer with them, listen to arguments, research the legal authorities, if necessary, and reduce the answer or direction to writing.

There may be questions that, under the law, I am not permitted to answer. If it is improper for me to answer the question, I will tell you that. Please do not speculate about what the answer to your question might be or why I am not able to answer a particular question.