# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO
### Judge Christine M. Arguello

Civil Action No. 16-cv-02936-CMA-NYW

KLANCIE A. ROANE,

      Plaintiff,

v.

FRANKIE'S BAR & GRILL, a/k/a Frankie's Inc.,
n/k/a Frankie's Inc. dissolved May 27, 2016,
FRANKIE D. PATTON, and
KATHLEEN PATTON,

      Defendants.

_____

## ORDER DENYING PLAINTIFF'S MOTION FOR A NEW TRIAL
_____

Before the Court is Plaintiff Klancie A. Roane's Motion for a New Trial, wherein she argues that the jury's decision not to award her emotional distress damages was against the weight of undisputed evidence at trial.  (Doc. # 68.)  Defendants Frankie's Bar & Grill and Frankie and Kathleen Patton object to the motion, arguing that "there was adequate evidence from which a jury could question Plaintiff's credibility with respect to [Plaintiff's] claims of emotional distress."  (Doc. # 71 at 1.)  For the following reasons, the Court agrees with Defendants and denies Plaintiff's request for a new trial.

## I.      BACKGROUND

This case was tried to a jury on April 16–18, 2018.  (Doc. ## 53–55.)  On the third day of trial, the jury returned a verdict finding Defendant Frankie's Bar and Grill liable for Plaintiff's claim for pregnancy discrimination but not for Plaintiff's claim of a hostile work environment.  (Doc. # 58 at 1.)  The jury then awarded Plaintiff $500 in back pay damages, reducing the award

by $499 based on Plaintiff's failure to mitigate those damages.  (*Id.* at 1–2.)  The jury did not

award Plaintiff any emotional distress or punitive damages.  (*Id.*)

## II.     LAW

A motion for a new trial made on the ground that the verdict of the jury is against the

weight of the evidence normally presents a question of fact and is left to the sound discretion of

the trial court.  *E.g., Harris v. Quinones*, 507 F.2d 533, 535 (10th Cir. 1974); *Cmty. Nat'l Life Ins.*

*Co. v. Parker Square Savings & Loan Ass'n*, 406 F.2d 603, 605 (10th Cir.1969); *Champion*

*Home Builders v. Shumate*, 388 F.2d 806, 808 (10th Cir.1967); *Brown v. McGraw-Edison Co*.,

736 F.2d 609, 616–17 (10th Cir. 1984).

The standard for determining if a new trial is warranted is whether the verdict is "clearly,

decidedly, or overwhelmingly" against the weight of the evidence.  *Champion Home Builders*,

388 F.2d at 808; *Prebble v. Brodrick*, 535 F.2d 605, 617 (10th Cir.1976).  "[T]he jury verdict

must not be preempted unless it has no basis in fact. [In other words], the evidence must all be

one way from which only one reasonable inference can be drawn."  *Champion Home Builders*,

388 F.2d at 808.

In assessing a plaintiff's motion for a new trial, "the evidence must be viewed in a light

most favorable to the [defendants] . . . and [they] must be given the benefit of all inferences

fairly drawn therefrom."  *Id.*  Such motions are "regarded with disfavor and should only be

granted with great caution."  *United States v. Quintanilla*, 193 F.3d 1139, 1146 (10th Cir. 1999).

## III.     ANALYSIS

Viewing the evidence in the light most favorable to Defendants, the Court is not

convinced that the jury's verdict denying emotional distress damages was clearly, decidedly, or

overwhelmingly against the weight of the evidence.

Because there is no exact standard for fixing compensation in emotional distress damages, the jury is given substantial leeway in assessing the validity and fairness of such an award, if any. *See Canady v. J.B. Hunt Transp., Inc.*, 970 F.2d 710, 715 (10th Cir. 1992) ("Emotional distress is an intangible damage, and is an issue of fact within the providence of the jury."). In so deciding, the jury in this case was asked to consider "the nature, character, and seriousness of any pain and suffering, humiliation, anxiety, depression, mental anguish, or loss of enjoyment of life that Plaintiff experienced." (Doc. # 56 at 16.)

Plaintiff's evidence of emotional distress was comprised solely of her own testimony, wherein she stated that her loss of employment made her "completely depressed" and "ruined [her] family completely." (Doc. # 68-2 at 63–64.) She added that she felt "discouraged," her "family suffers," and she and her husband are "separated because [she] was the sole breadwinner . . . and could not provide for [them] anymore." (*Id.* at 12, 64.) Plaintiff did not provide the jury with any additional information about the nature, character, seriousness, or extent of her emotional harm or loss of enjoyment of life, nor did she testify that she received mental health treatment for her distress.

Although Plaintiff presented some evidence to support an award emotional distress damages, Defendants countered with evidence challenging Plaintiff's credibility. For example, Defendants proffered evidence suggesting that Plaintiff mislead her employer about her reasons for missing work and had several verbal altercations with colleagues and supervisors. Defendants also presented testimony from several witnesses that Plaintiff took frequent and lengthy breaks and failed to perform side duties at work, despite Plaintiff testifying on direct examination to her good work performance and false "write-ups." Defendants further presented testimony challenging Plaintiff's allegation on direct examination that Defendant Frankie Patton yelled at her; Defendants questioned numerous witnesses who testified that they never heard

Mr. Patton yell at anyone. A voice recording between Mr. Patton and Plaintiff re-enforced his calm demeanor.

Whether Defendants' witnesses were more accurate or more credible than Plaintiff is not for this Court to decide. The jury was the trier of fact in this case, and this Court is only to determine whether the jury's verdict is consistent with the evidence. After hearing all the facts presented by both sides of this litigation, the jury was free to assess the credibility of Plaintiff's testimony and weigh it accordingly. *See Anaeme v. Diagnostek, Inc.*, 164 F.3d 1275, 1284 (10th Cir. 1999); *see also Brown*, 736 F.2d at 616 ("[T]he credibility of opinion testimony, and the weight to be given it, are for the jury."). Indeed, based on the verdict rendered, it appears the jury did not believe Plaintiff's hostile work environment allegations or her contentions that she mitigated her damages; the jury could have likewise discounted Plaintiff's testimony about her emotional distress.

Accordingly, the Court finds, viewing the evidence in Defendants' favor, the jury's decision not to award Plaintiff any emotional distress damages, despite her testimony on the matter, was not clearly, decidedly, or overwhelmingly against the weight of the evidence or with no basis in fact. A new trial is not, therefore, warranted.

## IV.    CONCLUSION

For the foregoing reasons, the Court DENIES Plaintiff's Motion for a New Trial (Doc. # 68.)

Dated: August 14, 2018

BY THE COURT:

CHRISTINE M. ARGUELLO
United States District Judge