IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 16-cv-02936-CMA-NYW

KLANCIE A. ROANE,

    Plaintiff,

v.

FRANKIE'S BAR & GRILL, a/k/a Frankie's Inc.,
n/k/a Frankie's Inc. dissolved May 27, 2016,
FRANKIE D. PATTON, and
KATHLEEN PATTON,

    Defendants.

---

**ORDER GRANTING IN PART AND DENYING IN PART
PLAINTIFF'S REQUEST FOR ATTORNEY'S FEES**

---

Before the Court is Plaintiff Klancie A. Roane's Motion for Attorney's Fees, wherein she requests an award of $108,780.00 in fees. For the following reasons, the Court grants in part and denies in part Plaintiff's motion and awards $55,219.50 in fees.

## I.    BACKGROUND

Plaintiff initiated this case in late 2016, alleging Title VII claims of discrimination and retaliation against Defendants Frankie's Bar and Grill, Frankie Patton, and Kathleen Patton. (Doc. # 4.) This Court dismissed Plaintiff's retaliation claim on summary judgment in October 2017. (Doc. # 36.) Claims of a hostile work environment and pregnancy discrimination were then tried to a jury on April 16–18, 2018. (Doc. ## 53– 55.) The jury returned a verdict in favor of Plaintiff on her pregnancy discrimination

claim but not on her claim of a hostile work environment. (Doc. # 58 at 1.) The jury also awarded Plaintiff $500 in back pay, but reduced the award by $499 based on Plaintiff's failure to mitigate those damages, resulting in a net compensatory damage award of $1. (*Id.* at 1–2.) The jury did not award emotional distress or punitive damages. (*Id.*)

Pursuant to Title VII, 42 U.S.C. § 2000(e)-5(k), Plaintiff now requests $108,780.00 in fees for the work of her attorney, Andrew Brake, on her case. Defendants object to Plaintiff's request, contending that (1) Plaintiff is not entitled to recover fees because she is not the prevailing party in this case and, (2) even if she is entitled to fees, the amount requested should be reduced based on her limited success. (Doc. # 69). Defendants also argue that the hours Plaintiff's attorney expended and his billable rate are unreasonable. The Court addresses each dispute in turn.

## II. PLAINTIFF'S DEGREE OF SUCCESS

### A. PREVAILING PARTY

#### 1. Law

"To determine whether a prevailing party achieved enough success to be entitled to an award of attorney's fees," the district court must assess the "relevant indicia of [plaintiff's] success." *Farrar v. Hobby*, 506 U.S. 103, 122 (1992) (O'Connor, J., concurring); *see also Phelps v. Hamilton,* 120 F.3d 1126, 1131 (10th Cir.1997) (adopting Justice O'Connor's framework); *Brandau v. State of Kansas*, 168 F.3d 1179, 1181 (10th Cir. 1999) (applying the framework to an employment discrimination case). To examine the indicia of success, the court examines (1) the difference between the judgment recovered and the judgment sought, i.e. whether the recovery was "merely

technical or de minimis"; (2) "the significance of the legal issue on which the plaintiff prevailed"; and (3) "the public purpose served" by the litigation. *Farrar*, 506 U.S. at 117 (O'Conner, J., concurring); *Gudenkauf v. Stauffer Commc'ns, Inc.*, 158 F.3d 1074, 1078 (10th Cir. 1998).

"No one factor is necessarily controlling; nor should all three factors necessarily be given equal weight." *Barber v. T.D. Williamson, Inc.*, 254 F.3d 1223, 1233 (10th Cir. 2001). The bottom line is that "all three factors should be given due consideration but ultimately it is within the discretion of . . . the district court to determine what constitutes a reasonable fee given the particular circumstances." *Id.*

### 2. Analysis

Evaluating these factors and Tenth Circuit case law applying them, the Court finds that Plaintiff has achieved enough success to support an award of attorney fees as the prevailing party in this litigation.

With respect to the first *Farrar* factor, the Court considers the nominal difference between the amount Plaintiff sought and the damages she recovered in the context of the entire litigation. In this case, Plaintiff requested just over $10,000.00 in back pay and an unspecified amount in emotional distress and punitive damages. Her ultimate award was $1. Although this difference could indicate that "the "litigation accomplished little beyond giving the [plaintiff] the moral satisfaction of knowing that a federal court concluded that [her] rights had been violated in some unspecified way," *Farrar*, 506 U.S. at 117 (O'Conner, J., concurring), the difference is remarkably distinct from the corresponding difference in *Farrar*. There, the Supreme Court declined to award fees in

3

part because the plaintiff sought $17 million and recovered only $1 in nominal damages. Moreover, unlike in *Farrar,* where the litigation which was drawn out over ten years and two appeals, Plaintiff's litigation in this case was not protracted. *Koopman v. Water Dist. No. 1 of Johnson Cty.*, Kan., 41 F.3d 1417, 1421 (10th Cir. 1994) (finding a small recovery insignificant where litigation was not protracted nor the claims for damages extravagant). Further, in mixed motive cases, like this one, the Tenth Circuit has repeatedly held that attorney fee statutes support an award of fees to the prevailing party "notwithstanding the lack of a damages award." *Gudenkauf v. Stauffer Commc'ns, Inc.*, 158 F.3d 1074, 1081 (10th Cir. 1998). Thus, the Tenth Circuit often deems a plaintiff prevailing despite an award of only nominal damages, as occurred *Brandau*, 168 F.3d at 1182, where the Plaintiff sought 21 months of back pay and $50,000 in non-economic damages but achieved only a nominal recovery of $1. Thus, despite Plaintiff's limited financial success, the Court does not find that her victory was "merely technical or de minimis." *Farrar*, 506 U.S. at 122 (O'Conner, J., concurring).

The second factor—i.e., "the significance of the legal issue on which the plaintiff claims to have prevailed," *id.* at 121—"goes beyond the actual relief awarded [which is the focus of the first factor] to examine the extent to which the plaintiff[ ] succeeded on [her] theory of liability." *Barber v. T.D. Williamson, Inc.*, 254 F.3d 1223, 1231 (10th Cir. 2001). Even where a plaintiff loses on more claims than she wins, courts have found her to prevail where she succeeds on her primary theory of liability. *E.g., Brandau*, 168 F.3d at 1182 (affirming the district court's decision that the plaintiff succeeded on a significant legal issue because, although she lost her retaliation and constructive

4

discharge claims, she prevailed on her primary claim of sexual harassment); *Phelps*,120 F.3d at 1132 ("That the plaintiffs prevailed on only one of their four underlying claims itself does not diminish the reasonableness of awarding some attorney's fees."). That is precisely what occurred in this case: Plaintiff lost on her retaliation and hostile work environment claims, but she succeeded on her primary theory of liability—pregnancy discrimination. The Court therefore finds that Plaintiff "succeeded on a 'significant issue in litigation which achieves some of the benefit [she] sought in bringing suit.'" *Brandau*, 168 F.3d at 1182 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)).

With respect to the third and final *Farrar* factor—the public purpose served by the litigation—the Tenth Circuit has explained, "a public goal is accomplished if the plaintiff's victory encourages attorneys to represent civil rights litigants, affirms an important right, puts the defendant on notice that it needs to improve, and/or provokes a change in the defendant's conduct." *Barber*, 254 F.3d at 1232. Because the jury, after weighing all the evidence presented at trial, found that Defendants had discriminated against Plaintiff based on her pregnancy, the Court cannot conclude that no public purpose was served. The jury instead affirmed an important civil right and put Defendants and others on notice of pregnancy discrimination in the workplace. In so concluding, the Court rejects Defendants argument that, because Defendant Frankie's Bar & Grill no longer exists, no public purpose was served by the jury's discrimination finding. To begin, Defendant Frankie's Bar & Grill does exist, albeit under new management, and Defendant Frankie Patton continues to operate another restaurant. Deterring future discrimination by these Defendants therefore remains an issue for this Court to consider. Moreover, the Tenth

5

Circuit has adopted a broad approach to the third factor, noting that consideration of the "public goal" accomplished extends beyond just the plaintiff and defendant in the case to a consideration of the "basic rights for [other] employees" in similar circumstances. *Koopman*, 41 F.3d at 1421. "[W]hat is controlling is plaintiff's vindication of her civil rights and of important rights of her co-workers." *Brandau*, 168 F.3d at 1183.

Having given all three *Farrar* factors due consideration, the Court, in its discretion, finds that Plaintiff has achieved enough success to be entitled to an award of attorney's fees as the prevailing party in this case.

## B. REDUCTION BASED ON DEGREE OF SUCCESS

Defendant next argues that Plaintiff's attorney's fees should be reduced in proportion to her degree of success. The Court agrees in part.

### 1. Law

When assessing an award of attorney fees under 42 U.S.C. § 2000e–5(k), the court may impose a general reduction in fees depending on the prevailing party's degree of success. *Hensley*, 461 U.S. at 440[1] ("[P]laintiff's success is a crucial factor in determining the proper amount of an award of attorney's fees."). A reduction is particularly applicable when, like here, a prevailing party succeeds on only some of her claims. *Id.* at 434. The Supreme Court has instructed that in such cases, the Court shall consider: (1) whether the plaintiff's successful and unsuccessful claims were

---

[1] Although *Hensley* dealt with an award of fees under 42 U.S.C. § 1988, not 42 U.S.C. § 2000e-5K, *Hensley* is nonetheless applicable in this case because the standard for the award of attorney's fee under § 1988(b) is the same as that under § 2000e–5(k). *Latin v. Bellio Trucking, Inc.*, 720 F. App'x 908, 911 (10th Cir. 2017); *Griffith v. State of Colo., Div. of Youth Servs.*, 17 F.3d 1323, 1328 (10th Cir. 1994); *Proctor v. Consolidated Freightways Corp.*, 795 F.2d 1472 (9th Cir. 1986).

6

related; and (2) whether the plaintiff's overall level of success justifies a fee award based on the hours expended by plaintiff's counsel. *Id.* The *Hensley* Court further explained these two considerations, in pertinent part:

> [First w]here the plaintiff has failed to prevail on a claim that is distinct in all respects from his successful claims, the hours spent on the unsuccessful claim should be excluded in considering the amount of a reasonable fee.
>
> [Second, w]here a lawsuit consists of related claims . . . [b]ut where the plaintiff achieved only limited success, the district court should award only that amount of fees that is reasonable in relation to the results obtained.

*Id.*

### 2. Analysis

Defendants argue that Plaintiff's claims are "distinct in all respects" and the Court should therefore exclude from the fee award any the hours that Mr. Brake spent on Plaintiff's unsuccessful claims. The Court disagrees. Plaintiff's claims for pregnancy discrimination, hostile work environment, and retaliation stem from the same core of facts—Plaintiff's employment at and departure from Frankie's Bar and Grill. It is impossible to ferret out certain facts that might be attributable to one claim or another when they all arise out of the same timeframe, include the same people, and occurred at the same location. It is likewise impossible to parse Mr. Brake's billing records. Additionally, at trial, Plaintiff testified about many events that transpired during her employment that could have supported any one of her claims. The Court thus finds clear overlap between her successful and unsuccessful claims and will not reduce the fee award on this basis.

7

Having found the claims interrelated, the Court considers whether a general reduction is warranted based on Plaintiff's partial success in this case. While "[t]here is no precise rule or formula" for assessing a plaintiff's degree of success, "[a] reduced fee award is appropriate if the relief, however significant, is limited in comparison to the scope of the litigation as a whole." *Id.* at 440; *Latin v. Bellio Trucking, Inc.*, No. 13-CV-01837-WYD-KMT, 2016 WL 9725289, at *2 (D. Colo. Nov. 23, 2016), *aff'd*, 720 F. App'x 908 (10th Cir. 2017). "[T]he district court must make a qualitative assessment to determine what less-than-perfect results are excellent, justifying full recovery, or to what extent plaintiffs' limited success should effect a reduction in the lodestar." *Jane L. v. Bangerter*, 61 F.3d 1505, 1511 (10th Cir. 1995) (internal quotations and citations omitted). In so doing, the Court should assess the relative significance and importance of plaintiff's successes and failures, not mechanically reduce in proportion to the number of claims lost. *Id.*; *Sinajini v. Board of Education*, 233 F.3d 1236 (10th Cir. 2000) (the focus is not percentage of claims on which plaintiff prevailed but on the significance of the overall relief obtained)

Having thoroughly considered the issue, the Court finds that a reduction in fees is warranted in this case. Although Plaintiff sufficiently prevailed on every element of her primary theory of liability—pregnancy discrimination—rendering her the prevailing party as explained above, her success on this claim was not so significant that a 100% fee award is appropriate. Indeed, Plaintiff lost on two other significant claims in this case, both of which occupied much of her counsel's time. Counsel billed extensive hours responding to Defendants' request for summary judgment, following which Plaintiff lost

8

on the retaliation claim. And at trial, Plaintiff spent substantial time devoted to providing the jury with facts and argument describing the allegedly hostile, unwelcome, and offensive environment that she experienced at work. The jury nonetheless rejected that claim. The jury also rejected Plaintiff's requests for emotional distress and punitive damages, despite Plaintiff's testimony on both issues, and ultimately awarded Plaintiff only $500 in back pay, notwithstanding her request for over $10,000. Plaintiff was also unsuccessful in demonstrating that she mitigated her damages in this case, resulting in a reduction in her back pay award to $1—a nearly complete deduction. Plaintiff was also unsuccessful in her post-trial motion for a new trial on damages and has only been partially successful here.

Accordingly, considering all the above and based on this Court's extensive familiarity with this case, the Court concludes that a forty-five percent reduction in attorney's fees is appropriate. A forty-five percent reduction reflects Plaintiff's tangible and prevailing victory on her pregnancy discrimination claim, while also considering

Defendants' success in avoiding substantial monetary damages as well as defending against Plaintiff's retaliation and hostile work environment claims.[2]

The Court next turns to assess the reasonableness of Plaintiff's attorney's hours expended and fee charged.

### III.  REASONABLENESS OF FEES

#### A. LAW

Determination of the amount and reasonableness of attorneys' fees is within the district court's discretion. *Wright v. U-Let-Us Skycap Servs., Inc.*, 648 F. Supp. 1216, 1218 (D. Colo. 1986). When evaluating a motion for attorneys' fees, the court follows the three-step process set forth in *Ramos v. Lamm*, 713 F.2d 546 (10th Cir. 1983), overruled on other grounds by *Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 483 U.S. 711, 725 (1987).

---

[2] The reduction percentage imposed by district and circuit courts across the country has varied widely, ranging anywhere from a 20% reduction to a 90% reduction, depending on the degree of success of the prevailing party and the court's qualitative examination of that success in relation to the nature of the prevailing party's losses. *See, e.g.*, *Bell v. Board of County Commissioners*, 451 F.3d 1097 (10th Cir. 2006) (where plaintiff prevailed on only one of his three constitutional claims and there was a gross disparity between the extravagant prayer for $1.4 million in damages and the jury's nominal award, the district court did not abuse its discretion in awarding fees of 10 percent of the lodestar); *Lanni v. New Jersey*, 259 F.3d 146 (3d Cir. 2001) (district court did not abuse its discretion in reducing lodestar by 25 percent because plaintiff succeeded on only 2 of 10 claims and against only 3 of the 10 defendants); *Watson v. SEPTA*, 207 F.3d 207 (3d Cir. 2000) (district court's reduction of lodestar by two-thirds was not abuse of discretion in view of plaintiff's limited success), cert. denied, 507 U.S. 1142 (2001); *Prison Legal News v. Stolle*, 681 Fed. Appx. 182 (4th Cir. 2017) (where plaintiff prevailed on some claims by consent decree but defendants prevailed on other claims and avoided monetary liability, district court did not abuse its discretion in reducing plaintiff's fee award by 45 percent for its limited success); *Granzeier v. Middleton*, 173 F.3d 568, 578 (6th Cir. 1999) ("Plaintiffs are entitled to only thirty-three percent of the lodestar amount in view of their limited success."); *Lowry v. Watson Chapel School District*, 540 F.3d 752 (8th Cir. 2008) (where plaintiffs obtained nominal damages and permanent injunction vindicating important free speech rights of students, district court did not abuse its discretion in awarding 50 percent of fees incurred).

First, the court determines the number of hours reasonably spent by counsel. *Malloy v. Monahan*, 73 F.3d 1012, 1017 (10th Cir. 1996); *Ramos*, 713 F.2d at 553. Factors considered in this reasonableness determination include: (1) whether the amount of time spent on a particular task appears reasonable in light of the complexity of the case, the strategies pursued, and the responses necessitated by an opponent's maneuvering; (2) whether the amount of time spent is reasonable in relation to counsel's experience; and (3) whether the billing entries are sufficiently detailed, showing how much time was allotted to a specific task. *Rocky Mountain Christian Church v. Bd. of Cnty. Comm'rs of Boulder Cnty.*, No. 06-cv-00554, 2010 WL 3703224, at *2-3 (D. Colo. Sept. 13, 2010). Courts need not "identify and justify every hour allowed or disallowed, as doing so would run counter to the Supreme Court's warning that a 'request for attorney's fees should not result in a second major litigation.'" *Malloy*, 73 F.3d at 1018 (quoting *Hensley*, 461 U.S. at 437); *Fox v. Vice*, 131 S. Ct. 2205, 2216 (2011) ("The essential goal in shifting fees . . . is to do rough justice, not to achieve auditing perfection.").

Second, the court must determine a reasonable hourly rate of compensation, based on "what lawyers of comparable skill and experience [in the given practice area] would charge for their time." *Ramos*, 713 F.2d at 555. "The party seeking the award has the burden of persuading the court that the hours expended and the rate sought are both reasonable." *LaSelle v. Public Serv. Co. of Colo. Severance Pay Plan*, 988 F. Supp. 1348, 1351 (D. Colo. 1997); *Malloy*, 73 F.3d at 1018.

Third, the court multiplies the reasonable hourly rate with the number of hours reasonably expended to determine the "lodestar" amount. *LaSelle*, 988 F. Supp. at 1351; *Hensley*, 461 U.S. at 433. In this case, the Court will then reduce that amount by forty-five percent to account for Plaintiff's partial success.

B. <u>ANALYSIS</u>

   1. **Reasonableness of Fees**

Defendants argue that Plaintiff's attorney's fees should be reduced because Mr. Brake improperly block-billed and billed excessive and/or unnecessary hours. The Court addresses and rejects each contention in turn.

   *a. Block Billing*

The Court finds Plaintiff's attorney's time entries do not constitute improper block billing. Most entries are for short lengths of time, consisting of two to four related tasks. Even the larger entries, such as Mr. Brake's work on dispositive pleadings, jury instructions, or preparation for trial, do not preclude the Court from assessing the reasonableness of time spent on specific tasks. *See Cadena v. Pacesetter Corp.*, 224 F.3d 1203, 1214–15 (10th Cir. 2000) (Tenth Circuit has not adopted a per se rule prohibiting block billing); *Robinson v. City of Edmond*, 160 F.3d 1275, 1284–85 (10th Cir. 1998) (only where block billing makes it difficult, if not impossible, for the Court to determine the amount of time spent on specific tasks, a general reduction may be warranted). Although the billing records occasionally use the general term "trial preparation" and "preparing for trial," the records also provide clarifying details to accompany these terms, such as "preparing closing," "preparing for cross

12

examinations," or "working on exhibits." Such entries are adequately descriptive. *Cf. Latin v. Bellio Trucking, Inc.*, 2016 WL 9725289, at *4–5 (D. Colo., Nov. 23, 2016) (finding general descriptions including "trial preparation" with no other details to be vague and warranting a reduction in hours). The Court can easily determine the amount of time Plaintiff's attorney spent on specific tasks and evaluate his billing judgment. A reduction is not, therefore, warranted.

### b. Excessive/unnecessary hours

A reduction is also not warranted based on an expenditure of excessive or unnecessary hours. Defendants specifically argue that Plaintiff's attorney spent an excessive and unnecessary amount of time on his summary judgment briefing (approximately 40 hours) and work on jury instructions (about 30 hours). The Court disagrees that the time spent on these tasks support a reduction of fees. It is hardly unreasonable for Mr. Brake to have spent over a week on two of the most pivotal tasks in any litigation—defending against summary judgment and preparing to instruct the jury on his client's claims. The Court declines to reduce fees on these grounds.

## 2. Reasonableness of Hourly Rate

Last, Defendants object to Mr. Brake's hourly rate of $400 per hour as being unreasonable in light of the prevailing billing rates in Colorado. They request a reduction to $315 per hour. The Court agrees that a reduction is warranted but instead reduces Mr. Brake's hourly rate to $350 per hour.

The Court finds the relevant categories of the 2017 Colorado Survey, referenced by both parties, instructive. *See, e.g., Home Loan Inv. Co. v. St. Paul Mercury Ins. Co.*,

78 F. Supp. 3d 1307, 1318 (D. Colo. 2014) (noting that "because the 2012 CBA survey provides the most recent data and is specific to Colorado, it provides the best indication of the current reasonable hourly rate in the Denver area").  According to the Survey, attorneys with 30–39 years of experience (like Mr. Brake) have a mean hourly rate of $292 per hour, while the top 75th percentile earns $350 per hour.  (Doc # 65-3 at 35.) Attorneys practicing as solo practitioners (like Mr. Brake) bill on average $237 an hour and $299 an hour at the top 75th percentile.  (*Id.*)  Further, attorneys representing employees in labor and employment matters bill a mean hourly rate of $309, with the top 75th percentile billing at $356 per hour.  (*Id.* at 36.)  Civil litigators bill a mean rate of $240, with the top 75th percentile billing $300/hour.  (*Id.*)

Based on the Colorado Survey and the Court's own familiarity with the rates charged by lawyers in the Denver metropolitan area, the Court concludes that a reasonable rate for Mr. Brake is $350 an hour (above or near the 75th percentile for attorneys with comparable years of experience, operating as solo practitioners, in employment-related matters and higher than those working in civil litigation).  The Court therefore reduces his billing rate accordingly.

### IV.     CONCLUSION

Accordingly, the Court GRANTS IN PART and DENIES IN PART Plaintiff's Motion for Attorneys' Fees. (Doc. # 65.) The Court ORDERS that Plaintiff Klancie Roane is awarded attorneys' fees against Defendants Frankie's Bar and Grill, Frankie Patton, and Kathleen Patton, in the amount of $55,219.50, calculated as follows:

14

262.95[3] (hours expended) x $350 (reduced billing rate) = $92,032.50 – $36,813 (40% reduction for partial success) = $55,219.50

DATED: August 27, 2018          BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge

---

[3] The Court subtracted 9 hours from the total hours submitted due to Mr. Brake's concession that he mistakenly billed twice for the last day of trial. (Doc. ## 65-2 at 5; 72 at 4.)